Lin v. Barr

BIA
Poczter, IJ
A206 580 431/432/433/434/435

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand nineteen.

PRESENT:
>           BARRINGTON D. PARKER,
>           RAYMOND J. LOHIER, JR.,
>           CHRISTOPHER F. DRONEY,
>                 *Circuit Judges.*

_____

BIJIN LIN, YANFENG LIU, CHENXIA LIU, YUTING LIU, YUXUAN LIU,
>           *Petitioners,*

v.                                          17-1136
                                            NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:          Troy Nader Moslemi, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Cindy S.
                         Ferrier, Assistant Director; Matt
                         A. Crapo, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Bijin Lin ("Lin"), Yangfeng Liu, Chenxia Liu, Yuting Liu, Yuxuan Liu, natives and citizens of the People's Republic of China, seek review of a March 27, 2017, decision of the BIA affirming a July 26, 2016, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bijin Lin, et al.,* Nos. A 206 580 431/432/433/434/435 (B.I.A. Mar. 27, 2017), *aff'g* No. A 206 580 431/432/433/434/435 (Immig. Ct. N.Y. City July 26, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, and consider only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). In making a credibility

2

determination, the agency must "[c]onsider[] the totality of the circumstances" and may base a finding on the applicant's "demeanor, candor, or responsiveness, . . . the inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's statements or between her statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer. . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination of the IJ is supported by substantial evidence.

Inconsistencies

The IJ reasonably relied on inconsistencies between Lin's asylum application and her testimony, internal inconsistencies in her testimony, and inconsistencies between her and her husband's testimony in making the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Lin's account was inconsistent regarding how many times she went into hiding.

3

Her declaration recounted that she went into hiding twice, after the birth of her second child in 2000 because she feared forced sterilization, and after the abortion in 2013. But on cross-examination, she testified that she went into hiding once—after the forced abortion in 2013. Although she later reverted to the facts from her application, stating that she had been in hiding for over ten years, the IJ was not compelled to credit her explanation that she "made a mistake" as that time spent in hiding was a central aspect of Lin's asylum claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Second, Lin's testimony was inconsistent with her husband's testimony. Lin testified that while in hiding, she and her husband purchased an apartment under her father-in-law's name, but Lin's husband testified that he purchased the apartment under his own name.

Finally, Lin's testimony about the sequence of events following her abortion was inconsistent with her asylum application. Lin's application reflected that after the abortion, she briefly rested at the hospital, went home until her husband returned from a business trip five days later, and then went into hiding at her sister's home. But

4

she testified that she went directly to her sister's house from the hospital. All three of these inconsistencies support the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Implausible Testimony

In addition to inconsistencies in Lin's account, the IJ reasonably relied on certain implausible aspects of her persecution claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Lin stated that she went into hiding from family planning officials in 2000 because she feared sterilization after becoming pregnant with her second child. Although she remained in hiding for over ten years, she and her husband lived in the same province the entire time, operated a construction business, purchased an apartment, renewed their passports, traveled abroad, and enrolled their three children in school. The IJ properly inferred that Lin's testimony that she was able to live an open life while hiding from government officials was implausible. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (recognizing that IJ may draw reasonable inferences when "made available to the factfinder by record facts . . . viewed in the light of common sense and ordinary experience."); *Xiao Ji Chen v. U.S. Dep't*

5

*of Justice*, 471 F.3d 315, 336 n.16 (2d Cir. 2006).

Corroboration

Lin's lack of reliable corroboration bolsters the adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As noted above, Lin's statement and testimony were inconsistent about when she went into hiding at her sister's house, and Lin did not provide any statement from her sister to clarify the chronology. Given the problems with Lin's credibility and Lin's failure to show that a letter was unavailable, the IJ did not err by requiring a letter. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009).

The IJ also noted that she considered the remainder of Lin's documentary evidence and found that it did not rehabilitate Lin's testimony. The documentary evidence consisted mostly of government documents and newspaper articles. The IJ remarked that the remaining evidence "was authored by interested witnesses not subject to cross-

6

examination" or was "unauthenticated Chinese government documents."

Lin argues that the IJ overlooked a bank document which was neither from an interested witness nor a government document. Even if the IJ mischaracterized the bank document as a "government" document, there is no indication that the IJ failed to consider it or that it would have rehabilitated Lin's testimony. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) (The agency is not required to "explicitly consider[]" each item of evidence or even describe it perfectly). Lin allows that the remaining documentary evidence consists of unauthenticated government documents, but she contends that they are not from interested witnesses. Although the IJ erred in stating that the documents were from interested witnesses, the IJ explicitly acknowledged the unauthenticated government documents in its evaluation of Lin's corroborating evidence. *See Mendez*, 566 F.3d at 323. Accordingly, Lin's argument essentially challenges the weight the IJ gave to the unauthenticated government documents, and we generally defer to the agency in such a determination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given Lin's internally inconsistent and implausible

7

testimony, the inconsistencies between her and her husband's testimony, and the lack of reliable corroboration, the "totality of the circumstances," supports the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8